**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **FREDERICK HOWARD,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Criminal Case No. 20-cr-20069** |
| | ) | **Civil Case No. 23-cv-1155** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**ORDER AND OPINION**

This matter is before the Court on initial review of Petitioner Frederick Howard's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (D. 46).[1] Petitioner's § 2255 Motion is DENIED in part and the Government is ordered to respond to the remaining parts of the petition as explained below.

**BACKGROUND**

On October 7, 2020, a two-count indictment was filed against Petitioner charging him with: (1) obstruction of interstate commerce by robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"); and (2) discharge of a firearm during and in relation to a crime of violence in violation 18 U.S.C. § 924(c)(1)(A)(iii), 2 (aiding and abetting), and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* co-conspirator liability). (D. 1). On July 7, 2022, Petitioner and the Government entered a plea agreement pursuant to Federal Rule of Civil Procedure 11(c)(1)(B), in which Petitioner pled guilty to both counts of the indictment. (D. 32).

In the plea agreement, Petitioner stipulated that the Government would be able to prove that the charges arose from an occurrence on January 25, 2019, when Petitioner and another

[1] All citations are to Petitioner's criminal docket 20-cr-20069.

individual ("Parker") entered a residence in Champaign, Illinois, and demanded money and drugs from the persons inside. *Id.* at p. 14. When inside, Parker withdrew a firearm and brandished it at the occupants to facilitate the robbery. *Id.* When an occupant ("D.Z.") refused to provide drugs or money, Parker instructed Petitioner to punch D.Z. *Id.* While Petitioner and D.Z. were fighting, Parker discharged the firearm striking D.Z. in the abdomen or thigh. *Id.* After D.Z. was shot, another occupant retrieved marijuana and gave it to Petitioner and Parker. *Id.* Petitioner also stipulated that considering their plans, it was reasonably foreseeable to Petitioner that Parker would have a firearm and that it would be discharged. *Id.* at pp. 14-15. Petitioner further agreed that he knew at the time they took the marijuana, that it was given to them by the occupants due to the threat of force from both him and Parker. *Id.* at p. 15.

On November 8, 2022, Petitioner was sentenced to 134 months of imprisonment, consisting of 14 months on Count 1 and 120 months on Count 2, to run consecutively. (*Min. Entry* on 11/08/2022). Upon release from incarceration, Petitioner is to serve a five-year term of supervised release. *Id.* Judgment was entered on November 15, 2022. (D. 43).

On April 14, 2023, Petitioner file the instant § 2255 Motion arguing three separate grounds for relief. (D. 46). Petitioner asserts he received ineffective assistance of counsel because his trial counsel failed to file a Notice of Appeal after being requested to do so after the sentencing hearing (Count I), and failed to object to the Indictment charging him as *Pinkerton* co-conspirator in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count II). *Id.* at pp. 4-5. He further alleges his conviction under § 924(c) is invalid under *Davis v. United States*, 139 S. Ct. 2319 (2019), because Count 2 of the Indictment is really charging him with conspiracy to commit a Hobbs Act robbery, which is not a predicate crime of violence under § 924(c), (Count III). *Id.* at p. 7. As relief, he seeks to have his sentence vacated and to be resentenced on Count 2. Petitioner has also filed a Motion for

Appointment of Counsel. (D. 48). The Court will address each of the arguments raised in Petitioner's § 2255 Motion and his request for appointment of counsel below.

## LEGAL STANDARD

Petitioner moves to vacate his conviction under 28 U.S.C. § 2255. A § 2255 motion allows a person convicted of a federal crime to vacate, set aside, or correct his sentence, in limited circumstances, such as where an error is jurisdictional, of constitutional magnitude, or there has been a "complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Rule 4 of the Rules Governing Section 2255 Proceedings requires the Court to screen the motion before ordering the Government to respond and to dismiss the petition "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

The Court has reviewed Petitioner's § 2255 Motion and finds that most of the arguments are not supported by the facts or the law and can be resolved without ordering the Government to respond to those arguments. *See Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). If "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief," a hearing is not required. *Id.*; § 2255(b). On the other hand, if the petitioner alleges facts that, if proven, would entitle him to relief, then an evidentiary hearing must be granted. *Martin*, 789 F.3d at 706. "If an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)…." Rule 8(c), 28 U.S.C. § 2255.

## DISCUSSION

As a preliminary matter, the Court finds Petitioner's § 2255 Motion advances a misguided argument that is neither supported by fact or law. In Count II, Petitioner claims ineffective

assistance of counsel because plea counsel failed to object to Count 2 of the Indictment because it is "actually Conspiracy to Commit Hobbs Act robbery and is not a crime of violence under 924(c)(3)(B)." (D. 46, p. 5). Similarly, in Count III he argues his conviction under § 924(c) is invalid and must be vacated, because following the Supreme Court's decision in *Davis v. United States*, 139 S.Ct. 2319 (2019), "the offense of conspiracy to commit Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)." *Id.* at p. 7.

As stated above, Count 1 the Indictment charged Petitioner with "Obstruction of Interstate Commerce by Robbery in Violation of 18 U.S.C. § 1951, or "Hobbs Act robbery." (D. 1, p. 1). The Hobbs Act defines robbery in relevant part as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Because one cannot commit Hobbs Act robbery without using or threatening physical force, it qualifies as a predicate for a crime-of-violence conviction. *United States v. Rivera*, 847 F.3d 847, 848-49 (7th Cir. 2017). The Seventh Circuit has made clear that Hobbs Act robbery qualifies as a "crime of violence under § 924(c) because it has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 848 (internal quotations omitted).

Herer, the Hobbs Act robbery charge in Count 1 of the Indictment is the predicate crime of violence for the charge against Petitioner in Count 2, for discharging of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii), 2 (aiding and abetting), and *Pinkerton v. United States*, 328 U.S. 640 (1946) (*Pinkerton* co-conspirator liability). (D. 1). While it is true that portions of § 924(c) defining a "crime of violence" have been struck down recent years, *see Johnson v. U.S.*, 576 U.S. 591, 597 (2015) (striking down § 924(e)(2)(B), the

residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony," is unconstitutionally vague); *see also Davis*, 139 S.Ct. at 2336 (striking down § 924(c)(3)(B), the above quoted residual clause as unconstitutionally vague), the elements clause under § 924(c)(3)(A), however, remains intact. As a result, Petitioner's conviction under § 924(c) stands if his conviction under 18 U.S.C. § 1951(a) satisfies the requirements set forth in the elements clause under § 924(c)(3)(A). As stated above, Hobbs Act robbery is a crime of violence under § 924(c)(3)(A). Furthermore, the Seventh Circuit has advised that, given the extensive precedent on this issue, "arguments that Hobbs Act robbery is not a crime of violence are, in fact, 'frivolous.'" *United States v. McHaney*, 1 F.4th 489, 492 (7th Cir. 2021).

Because Petitioner pled guilty to Hobbs Act robbery under Count 1 of the Indictment, which is a predicate crime of violence under § 924(c)(3)(A), the Court denies Petitioner's § 2255 Motion with respect to Counts II and III. Furthermore, Petitioner waived his right to collaterally attack his conviction and sentence except for any claims of ineffective assistance of counsel. (D. 32, pp. 6-7). The plea agreement is clear that the waiver includes any claim that (1) "the statutes under which the defendant is convicted, or sentence is unconstitutional," and (2) "the conduct to which defendant has admitted does not fall within the scope of the statutes." *Id.* at p. 7. Because Count III of Petitioner's § 2255 Motion does not raise a claim of ineffective assistance of counsel, he has waived the right to appeal or collaterally attack his conviction on the grounds raised.

**1. Count I: Ineffective Assistance of Counsel - Failure to File Notice of Appeal**

"The right to counsel is the right to effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 138 (2012) (citing *Strickland v. Washington*, 466 U. S. 668, 686 (1984)). To prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) "counsel's performance was deficient," and that (2) "the deficient performance prejudiced the defense." *Strickland*, 466

U.S. at 687. Because the *Strickland* test requires both deficient performance and prejudice, an ineffective assistance of counsel claim can fail for lack of prejudice "without ever considering the question of counsel's actual performance," and vice versa. *United States v. Taylor*, 569 F.3d 742, 748 (7th Cir. 2009).

To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. To establish deficient performance, "the petitioner must show 'that counsel's representation fell below an objective standard of reasonableness.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (quoting *Strickland*, 466 U.S. at 688)). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) (internal quotations and citation omitted). "Importantly, '[j]udicial scrutiny of counsel's performance must be highly deferential,' indulging a 'strong presumption' of effectiveness to combat 'the distorting effects of hindsight.'" *Atkins v. Zenk*, 667 F.3d 939, 944–45 (7th Cir. 2012) (quoting *Strickland*, 466 U.S. at 689). In examining counsel's conduct, the courts are "highly deferential" to counsel and presumes that the decisions constitute reasonable litigation strategy. *United States v. Best*, 426 F.3d 937, 945 (7th Cir. 2005).

Here, Petitioner asserts that after his sentencing hearing he asked counsel to appeal his sentence because he was not the one that did the shooting. His counsel shortly thereafter left the federal public defender's office before filing a notice of appeal. Petitioner further alleges his family attempted to contact his counsel but were unsuccessful. As stated above, Petitioner waived his right to appeal or collaterally attack his conviction and sentence based on an argument that "the conduct to which defendant has admitted does not fall within the scope of the statutes." (D. 32, p.

7). However, the Seventh Circuit has made clear, when criminal defendants request that their attorney file an appeal, they must do so, no matter how futile. *See Dowell v. United States*, 694 F.3d 898 (7th Cir. 2012). “In other words, ‘[w]hen a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is *per se* ineffective assistance of counsel.’” *Id*. (quoting *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010)).

Based on the foregoing, the Court’s preliminary review of Count I of Petitioner’s § 2255 Motion could have merit, and therefore it is appropriate for the Government to file a response.

**CONCLUSION**

For the reasons stated above, Petitioner’s [46] Motion to Vacate, Set Aside, or Correct Sentence under § 2255 is DENIED in part. As to the remaining issue of requesting that Counsel file an appeal, in accordance with Seventh Circuit precedent, the Court is compelled to hold an evidentiary hearing on the issue of whether Petitioner requested counsel file an appeal. Rule 8(c) of the Rules Governing Section 2255 Proceedings, provides that “[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)….” Rule 8(c), 28 U.S.C. § 2255. The Court has already determined Petitioner qualified for appointed representation during the criminal proceedings. Accordingly, the Court GRANTS Petitioner’s [48] Motion for Appointment of Counsel for the limited purpose of representing Petitioner on the issue of whether he requested Counsel file an appeal and at the evidentiary hearing on that matter.

The Clerk’s Office is DIRECTED to coordinate securing Counsel for Petitioner. Once Petitioner has been appointed Counsel, the Court will enter a briefing schedule on the narrow issue of whether Petitioner requested counsel file an appeal and will contact the parties to coordinate setting an evidentiary hearing.

ENTERED this 22nd day of May, 2023.

/s/ Michael M. Mihm
Michael M. Mihm
United States District Judge