IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDERICK HOWARD, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 20-20069-JES-EIL |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND OPINION

The pro se Petitioner has filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 46), asserting ineffective assistance of counsel. Petitioner alleges that his Federal Public Defender failed to file an appeal in the underlying criminal case, although instructed to do so. The United States has filed a Response (Doc. 51) and Petitioner has filed a Traverse in reply. (Doc. 53). For the reasons stated herein, Petitioner's Motion is DENIED, and the Court declines to issue a certificate of appealability. This matter is now TERMINATED. The Clerk of Court is directed to close the case.

## BACKGROUND & PROCEDURAL HISTORY

On October 7, 2020, Petitioner was charged in a two-count indictment with: (1) obstruction of interstate commerce by robbery in violation of 18 U.S.C. § 1951 ("Hobbs Act robbery"); and (2) discharge of a firearm during and in relation to a crime of violence in violation 18 U.S.C. § 924(c)(1)(A)(iii); aiding and abetting; and co-conspirator liability under *Pinkerton v. United States*, 328 U.S. 640 (1946). (Doc. 1)[1].

---
[1] All citations are to Petitioner's criminal docket 20-cr-20069.

1

On July 7, 2022, Petitioner entered into a plea agreement under Federal Rule of Civil Procedure 11(c)(1)(B), pleading guilty to both counts of the indictment. (Doc. 32). Petitioner stipulated that the Government would be able to prove that on January 25, 2019, he and another individual, ("Parker"), entered a residence in Champaign, Illinois, and demanded money and drugs from the persons inside. *Id.* at 14. When inside, Parker withdrew a firearm and brandished it at the occupants to facilitate the robbery. *Id.* When an occupant, ("D.Z."), refused to comply with the demands, Parker instructed Petitioner to punch D.Z. *Id.* While Petitioner and D.Z. were fighting, Parker discharged the firearm striking D.Z. in the abdomen or thigh. *Id.* After D.Z. was shot, another occupant retrieved marijuana and gave it to Petitioner and Parker. *Id.* Petitioner stipulated that it was reasonably foreseeable to him that Parker would have a firearm and that it would be discharged. *Id.* at 14-15. Petitioner further agreed that he knew at the time they took the marijuana, that it was given to them by the occupants due to the threat of force from himself and Parker. *Id.* at 15.

On November 8, 2022, Petitioner was sentenced to 134 months of imprisonment; 14 months on Count 1, and 120 months on Count 2, to run consecutively. (*See* docket entry of 11/08/2022). Upon his release, Petitioner is to serve a five-year term of supervised release. *Id.* Judgment was entered on November 15, 2022. (Doc. 43).

On April 14, 2023, Petitioner filed the instant § 2255 Motion arguing three separate grounds for relief. On May 22, 2023, Mihm, J. entered an Order dismissing two of the grounds, allowing Petitioner to proceed on the alleged ineffective assistance of counsel. (Doc. 49). Judge Mihm found that the Court was "compelled to hold an evidentiary hearing on the issue of whether Petitioner requested counsel file an appeal," citing *Dowell v. United States*, 694 F.3d 898, 901 (7th Cir. 2012), which noted that counsel's failure to pursue a direct appeal is "per se

2

ineffective assistance of counsel." Judge Mihm ordered that Petitioner be appointed counsel for the hearing and, on May 30, 2023, Attorney Peter Lynch was appointed.

On May 31, 2023, the matter was transferred to the undersigned, who is currently presiding over the case. On June 30, 2023, the Court ordered the Government to file a Response within twenty-one days. The Government timely filed a Response, attaching the affidavit of Petitioner's Federal Public Defender, Elisabeth Pollock. (Doc. 51). When Plaintiff did not timely reply, he was *sua sponte*, given an extension, filing a Traverse on September 21, 2023.

**LEGAL STANDARD**

Section 2255 provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence" on the basis that his sentence was imposed "in violation of the Constitution or laws of the United States . . ." 28 U.S.C. § 2255(a). If a petitioner can successfully assert a violation, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." § 2255(b). This is an extraordinary remedy because a petitioner seeking § 2255 relief has already "had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

It is appropriate to bring a claim of ineffective assistance of counsel in a § 2255 motion as the Sixth Amendment right to counsel "is the right to effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 138 (2012). To prevail on an ineffective assistance of counsel claim, a petitioner must show that "counsel's performance was deficient," and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An evidentiary hearing is not required, however, if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Bruce v. United States*, 256 F.3d 592,

597 (7th Cir. 2001) (citing § 2255). Mere speculation does not warrant an evidentiary hearing. The petitioner must file a detailed and specific affidavit showing he "has actual proof of his allegations beyond mere unsupported assertions." *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006).

## DISCUSSION

Petitioner alleges that his Federal Public Defender, Ms. Pollock, failed to file a Notice of Appeal after the sentencing hearing as he had requested. The relevant portion of Petitioner's sworn § 2255 motion is confined to the following statement:

> After Movant's sentencing hearing, he asked counsel to appeal his sentence but before counsel filed a notice of appeal, counsel left the attorney's office. Movant's family try to contact counsel but was unable to do so. Movant wanted to appeal because he was not the one that did the shooting. So counsel failed to file an appeal.

(Doc. 46 at 4).

The Government has provided Ms. Pollack's affidavit which states in relevant part:

> Following Mr. Howard's sentencing hearing on November 14, 2022, I do not recall him requesting I file a notice of appeal in this matter. I do not recall receiving any calls from Mr. Howard relating to an appeal of his case or sentence, nor do my notes from that case indicate he made such a request.
>
> Judgment was entered on November 15, 2022 and became final on November 29, 2022. On November 15, 2022, I informed Mr. Howard via letter, as is my standard practice, that he had 14 days in which to file a notice of appeal, that it was my recommendation he do not do so, but that I would be willing to do if he specifically requested it. [A copy of the letter is attached at Doc. 51-2].[2]
>
> My tenure with the Federal Public Defender's Office ended in December, 2022, after the 14-day time allowable for Mr. Howard's notice of appeal had expired.
>
> Had Mr. Howard requested I file an appeal in Case number 20-CR-20069, I would have done so.

---

[2] Petitioner provides an email from U.S. Marshal Cranford to establish that Petitioner had been transferred from the Jerome Combs Center, the facility where the letter was directed, two and a half months prior to the letter being sent. (Doc. 53-1).

4

(Doc. 51-1). Petitioner, through counsel, has filed a Traverse asserting that the letter sent by Ms. Pollock was misdirected, but otherwise standing on the original motion.

The failure of counsel to file an appeal when requested amounts to "abandonment" and is inherently prejudicial. *Castellanos v. United States,* 26 F.3d 717, 718 (7th Cir. 1994); *Dowell*, 694 F.3d at 901. In such a case, the petitioner has a cause of action without regard to the probability of success on appeal. *Castellanos*, 26 F.3d at 719. "The essential issue raised by any *Castellanos* claim is whether the petitioner's counsel was actually instructed to appeal." *Davis v. U.S.*, No. 04-cr-30082, 2009 WL 1606900, at *3 (S.D. Ill. June 9, 2009) (citing *Castellanos*, "'Request' is an important ingredient in this formula. A lawyer need not appeal unless the client wants to pursue that avenue.").

*Davis* noted that in evaluating counsel's alleged failure to file a notice of appeal, "the Court looks to the proof [petitioner] offers in order to determine whether his claims warrant further consideration of his claim, including a hearing." *Id*. at *4. In furtherance of this inquiry, the "critical question" is whether the petitioner had provided "accompanying sworn statements" to bolster his allegations. *Id*. There, the Government had provided the affidavit of defense counsel who attested that upon review of her files, there was nothing to indicate that the petitioner requested that she appeal on his behalf, that they never discussed the possibility of appeal, or that counsel's secretary ever took a message in that regard. Counsel attested further, that she had never once failed to file an appeal when requested by a client. The court gave the petitioner an opportunity to file a counter affidavit, but he did not do so.

The court found that petitioner's motion asserted under oath did not contain sufficient specificity to warrant a hearing. It found that "the absence of an affidavit demonstrating actual

5

proof of a petitioner's allegations precludes the necessity of a hearing." *Id*. at *4 (citing *Kafo*,[3] 467 F.3d at 1067) and noting, "the absence of supporting affidavits can be fatal.") *Davis*, 2009 WL 1606900 at *3.

In *Kafo*, the Seventh Circuit reaffirmed its holding in *Prewitt v. United States,* 83 F.3d 812, 819 (7th Cir.1996), "[i]t is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Kafo*, 467 F. 3d at 1067. There, it characterized the affidavit as a "threshold requirement," noting that the lack of such a sworn statement "precludes the necessity of a hearing." *Id*.[4] (citing *Galbraith v. United States,* 313 F.3d 1001, 1009 (7th Cir.2002)). The verified statement may stand alone only if it provides "*some evidence* beyond conclusory and speculative allegations[.]" *Id*. at 1068 (emphasis in original).

In *United States v. Custer*, No. 15-cr-33, 2020 WL 564161, at *3 (N.D. Ind. Feb. 5, 2020), the bare statement alleging counsel's failure to file an appeal was found insufficient in the face of counsel's affidavit attesting otherwise. The court there found that the single statement, "My Attorney [name] failed to file Appeal he said it would not do any good. I asked 2 times," insufficient where there was "no indication as to when [plaintiff] made the requests, where she made the requests, or in what form she made the requests. To the extent the requests were in writing, no such writings have been provided to the Court."

---

[3] In *Kafo*, the Seventh Circuit found that the pro se petitioner's unverified motion might have been sufficient, had it been submitted under oath. It reversed and remanded with instructions to give petitioner an opportunity to file a verified petition or supplemental affidavit. *Id*. at 1071.

[4] Kafo, premised its "insistence" that a § 2255 petition contain a sufficient factual basis on Rule 2(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*, which provides that the motion must "state the facts supporting each ground."

In the case at hand, Petitioner has not submitted an affidavit or refuted Ms. Pollock's attestation that she left the Federal Public Defender's Office after, not before, the time for appeal had lapsed. Petitioner has provided only the vague assertions that "after sentencing" he asked Ms. Pollock to file an appeal; and that "family members" tried to contact Ms. Pollock, without providing any detail as to who tried to contact her, when they tried to contact her, or where they directed these attempts. While the Court finds that Petitioner has provided credible evidence that he did not receive the Pollock letter advising him of the deadline for appeal, Petitioner does not support that such notice must be given, and that any failure warrants a hearing. *See Castellanos*, 26 F. 3d at 719 (citing its holding in *United States v. Mosley,* 967 F.2d 242 (7th Cir. 1992) ("the Constitution does not require a lawyer to advise the client of the right to appeal. That duty rests principally on the judge—and even if both judge and counsel forget to provide this advice, most defendants know about the possibility of appeal and cannot complain if they are not furnished redundant information.").

A court is not required under § 2255 to grant an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Bruce*, 256 F.3d at 597; *United States v. Coscia*, 4 F.4th 454, 482 (7th Cir. 2021), *cert. denied,* 142 S. Ct. 1127 (2022). "In addition, a hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations." *Id.* (citing *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995). Here, Petitioner has failed to demonstrate that he is entitled to an evidentiary hearing, and the request is DENIED.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings directs district courts to either issue or deny a certificate of appealability when entering a final order adverse to the applicant.

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "A substantial showing occurs when 'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Gacho v. Brannon-Dortch*, No. 21-612, 2022 WL 15456584, at *5 (N.D. Ill. Oct. 27, 2022) (quoting *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014) (citing *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000)). Petitioner fails to make this showing here.

## CONCLUSION

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 46) is DENIED and the Court declines to issue a certificate of appealability. This matter is now TERMINATED, with the Clerk of Court directed to CLOSE this case.

ENTERED this 2nd day of October 2023.

s/James E. Shadid<br>
JAMES E. SHADID<br>
UNITED STATES DISTRICT JUDGE